We'll hear the next case, United States versus ASSA. Assa.  Good morning, Your Honors. My name is Peter Livingston. I'm here on behalf of ASSA Corp. and ASSA Co. Ltd. I would like to first address what Judge Wesley talked about in terms of round one, where you mentioned ASSA and Bank Mali. Your Honor, we have not been a party to any of the proceedings in this courthouse, nor were we involved in the trial that took place before Judge Forrest. The information that this Court has been given is not related to anything ASSA did. Moreover, the timing is very critical in that our clients, Mr. Shakeri and Ms. Agrameri, first acquired their interest in this property in 1995. Documentation prior to that time, which pertains to Alavi or Bank Mali or the Iranian government, have absolutely nothing whatsoever to do with respect to my clients. I'd like to make it clear that in round one, as I think you referred to it, there was a reference to ASSA is Iran, and I can only say that that is pure dicta on the Court's part since there was no information presented by ASSA or presided by ASSA in that case. Going forward, I want to address . . . You definitely weren't here the first time, that's for sure. I want to address firstly the elephant in the room, and that's the statute of limitations. This Court dealt with that issue the first time around with respect to Alavi. With respect to that, at that particular time, the Court observed that, first of all, the government didn't even raise the statute of limitations in their motion for summary judgment. This is sui sponte on the part of the Court to do it, and it was wrong to do so. We were not given an opportunity to raise that claim. We did have it as an affirmative defense in our answer, and for the same reasons in Ray 650, this case on that basis alone should be sent back to the district court to be addressed. Once we get past that issue, however, that's not the only relief that we're seeking in terms of a reversal, and that is with respect to the manner in which the district court treated OFAC. It treated OFAC as if it were another judge on the bench. It basically did not allow us to gain any information whatsoever. We had sent three independent FOIL requests to OFAC, all were ignored. OFAC treated us in that case as it did in the Kinehart case. It must be an institutional bias that OFAC has where they're not going to provide any information whatsoever. We had to go to court, try to get an order from Judge Forrest with respect to that issue. And as learning counsel indicated to the court, she did not look through all of the documents that OFAC presided. She looked at a few, and she came to two conclusions. One, law enforcement privilege, and two, undue burden. You're in a bit of an odd posture. You sat by and watched for years as the case went on and was tried. I mean, what do you want to happen now? I mean, there was error in the way the summary judgment motion was handled. It was an incredible error. What we want now is a reversal and sent back to the district court to remedy the errors, which were really abuses of discretion. It started with OFAC and it went through many other- Doing this now, what, 11-year-old case? Our time to take the appeal is ripe, Judge. Judge Forrest took forever in terms of making a decision with respect to how she was going to allocate the funds between the government and the privates. Once that was all done and that was all concluded, we filed our notice of appeal. I don't think we should be prejudiced because of the timing on this case. Well, I'm just suggesting it would have been more efficient if it had been done at the same time. Well, hindsight's a great teacher, Your Honor, but this is where we are at this particular point in time. Everything is reserved. We have documentary evidence as to what happened or didn't happen before the district court. And just as Mr. Resumner made reference to the documents that came out of that case, as it pertains to OFAC, one of the documents we got is this wonderful page, 100% blacked out, and then you go to the next page, it says, for the foregoing reasons. How am I able to challenge what OFAC is making a determination on when we don't get any information, when they show up at a deposition and they're instructed by the government as well as the OFAC's own lawyers not to answer questions. And the district court to say, if you're going to ask the questions which I think you're going to ask, counsel, don't even bother showing up for a deposition. So if we can go back on the statute of limitations, we're asking for leave to take a fuller examination of OFAC to find out what exactly is they based their case on. Because the entire case comes about because of the magic word blocked. Okay, but why? When? How? Who did what? How does that pertain to 1995, when my clients first came into the picture? The record is absolutely blank with respect to those issues. But the issues that Judge Forrest dealt with didn't just stop there. So as we've indicated, with respect to statute of limitations, she took it upon herself. With respect to the OFAC documents, once again, she took it upon herself to say it would be unduly burdensome to the government. The government didn't say that, she said that. She said law enforcement privilege. But again, she did not look through all the documents. And secondly, in Ray New York case tells us that when there's a compelling need, and I can't think of a more compelling need than this particular case, to have access to documentation from OFAC. But she kind of just brushed everything aside, and then she goes further. When our client puts in a declaration in opposition, she decides, the government didn't say it was hearsay, she decides it's hearsay. If they're not objecting to it, it goes in, but she took it upon herself. But this was a track record that goes back to even the year 2012, when the case was in its infancy. In connection with a motion that Alalavi made, a 12B6 motion, she gratuitously indicates that asset is Iran, with no evidence whatsoever. There was a predetermined bias here, which started years ago with this particular judge. Why, I don't know. But it's evidenced in the rulings that she made throughout these proceedings. She basically had her thumb on the scale. When it came to the government, when she was finally put on notice, the government is not turning over documents, not providing this list of witnesses, she entered two proclamations. The first one was that if the government doesn't produce these documents by a certain day and the names of witnesses, that's a line in the sand. When that didn't happen, she revisited the subject and said, okay, the wall is coming down on the government. If by April 1st, you do not provide a list of witnesses, April 1st came and left. We sent a letter to the court and to the government, nothing happened. A second letter to the court and the government, nothing happened. We made a motion for sanctions. On the motion, she clearly said the government did not misunderstand my order. They just didn't comply with it. But I'm not going to sanction them because they will not be able to make out their case, right? Well, when it's brought to her attention that one of the FBI witnesses was coached during the course of her deposition, nothing happened. When it's brought to her attention that documents are not being produced, six depositions had to go forward without the documents for the witnesses, which only came in weeks later, nothing happened. Now, there was an unfortunate event in Dubai where my clients showed up for their deposition, two of them, the president and one of the two owners. They walk into the US Consul, and who's sitting there but the FBI agent. Why she was there, I don't know. But it concerned my clients because they didn't know why they were there and they didn't testify. We came back to the states, all the parties moved for sanctions. And she said, I'm going to award financial sanctions, which she did. And she said, I'm going to have the jury take an inverse inference. Okay. In that same hearing, we shared with the court the fact that Mr. Shikari and Mr. Shikari will testify and make them available for a deposition. She turns to the government and says, okay, government get together with Mr. Livingston and Mr. Luke and make it happen. Before it happened, she enters a second order, sua sponte. And this time she says, I'm going to bar Mr. Shikari from coming to trial. Don't bother. So on one hand, she tells the government, I'm not going to punish you for not obeying any of my orders. Nothing further presented to her? Yes. On our motion for summary judgment, we submitted the declaration of Mr. Shikari. She decided two things. One, it was hearsay, which I can't understand for the life of me, he's the party. And number two, she drops a footnote and says, and anyway, I'm striking it because he's not coming to trial. It doesn't appear he wants to come to trial, which is false. It's on the record. We told and shared with the court that he and Mr. Tufte were coming. All right. You've saved two minutes for rebuttal. We'll hear from the government. May it please the court, Assistant United States Attorney Daniel Tracer for the government. I'm going to start by responding to the statute of limitations argument that was addressed earlier. On this brief, in light of the arguments that ASSA has put forth, this court does not need to remand for statute of limitations. Although we concede that it was error for the court to proceed sua sponte, under Bridgeway, the party against whom summary judgment was granted must put forth evidence to show some harm or prejudice. In other words, that the record wasn't developed in some way where there would have been something they could have put forth in response to summary judgment. And here, on the brief that ASSA has submitted in this case, they failed to do so. In particular, ASSA's referred only to two issues that they claim were not sufficiently developed below. Number one, and I'll address them in turn, let me just say what they are. First is OFAC, and second of all, they point to their 984 argument. Now with respect to OFAC, first I want to be clear, this was not a proceeding to challenge OFAC's designation. OFAC did designate ASSA in 2008. There are FOIA processes and opportunities to challenge that designation, but that was not the United States government's forfeiture action. Nevertheless, the ASSA defendants, as well as the other defendants in the case, did seek discovery that included OFAC. That was negotiated as part of the discovery negotiations that the party engaged in, that the party is engaged in. And ultimately, the government did turn over documents from OFAC. But I want to be very clear to augment comments that were made this morning about what was requested with respect to OFAC and what was not. And if the court looks both at the deposition notice for the OFAC witness, which was issued in mid-2013, as well as the declaration that was submitted with ASSA's opposition to the government's summary judgment, where one of the arguments they make is, hey, you can't grant summary judgment because the OFAC discovery is not complete yet. Both of those filings, both of those pleadings set forth the basis as the opportunity to challenge the OFAC designation. And sitting here this morning, it sounded like that is still ASSA's contention, that the function, the utility of the OFAC discovery is to challenge OFAC's designation. It was not based on statute of limitation. That is an argument. Now we have the benefit of the district court having done a thorough review of the discovery requests in this case, which she did post-remand. And I understand- But as we covered before, the request is for documents. It's not your warrant to determine how they're going to use them. It's discovery. So you get the documents. They may be used for this purpose, that purpose, not that purpose. That's right. But in this case, when Alavi and ASSA actually made motions to compel with respect to OFAC, and they had to give the court the basis for why the court should compel them, they did put forth certain basis. Likewise, in ongoing discussions with the government, as was alluded to earlier, certain issues were raised as the primary motivators and drivers of the discovery request. And the statute of limitations was consistently absent from those discussions until way after August- well, until very late in the game, after August 30th of 2013. Did ASSA make any motions to compel? ASSA joined in Alavi's motion to compel. It was in mid-April of 2013. There was one that they joined in, and then there was another one in August of 2013. I think the August one is the one that specifically relates to OFAC. And I believe ASSA joined in both of those motions, neither of which mentioned statute of limitations. What- are there differences on the statute of limitations issue between ASSA and Alavi? I don't think there are material differences between the two. I think that the basis set forth by the district court ultimately post-remand, I understand ASSA's not bound and was not party to the post-remand proceedings, but both apply equally. And so then with respect to the 984, we submit that ASSA has misunderstood 984 as the district court addressed in the summary judgment opinion. 984 is intended to relax the government's tracing burden. It is not a separate cause of action, and it certainly does not impose a new one-year statute of limitations upon the government. The theory against which we pursued ASSA's interests had to do with proceeds, as well as property involved in money laundering. And those both have the normal forfeiture statute of limitations that accrue under 1621. If there are no further questions on statute of limitations, I'll respond to some of the points in terms of treatment that counsel made. I think there is a big difference between the action that they point to as the primary contrast in their brief, between, for example, what happens on April 1st when the government did not produce a witness list, versus what happened in Dubai in July of 2013. With respect to the April 1st failure to produce a witness list, nobody challenged that it was a mistake. The district court did not underplay the fact that it was a mistake. And yet the district court properly considered what prejudice there was. The fact that they still got a witness list in May, approximately five months before the trial was to take place. But put those specific instances aside and help me work through this concern I have. As I study this record, I just find it very, very difficult to conclude that this case was tried before a jurist who was impartial. I mean, someone mentioned a thumb on the scale. It seems to me there was a fist on the scale. That time and time again, the judge took steps that we don't see up here on appeal to help the government out. I mean, you . . . Parts of this case where she was nodding yes before you even asked for anything. It's troublesome. We think of this southern district and the other trial courts in this circuit as being the finest in the country. And I have to say, I read this record and I'm just disturbed by it. I don't think I've ever seen anything like this. So we think that the district court dealt with many issues in the course of this litigation. We don't think . . . You think she dealt fairly and impartially through these proceedings? We do, Your Honor. You don't think she was tilting the scale in your favor? We don't think she was tilting the scale in our favor. We think that . . . You think she was right down the middle in this case? We think that when confronted with rulings, she addressed each ruling on the merits. And the fact that there was overwhelming evidence in the government's favor . . . It very frequently is in criminal cases or quasi-criminal cases. That's not the point. The point is, there's a certain level of behavior and demeanor and fairness, which we expect of the trial courts in this circuit, which as I've said, include the finest in the country. And I've got to say, I think this helped me, if I'm missing something, was a material departure from what we expect in this court. We certainly understand those expectations. We think that when you look at this case, which proceeded over a ten-year history, involved a lot of issues. It frankly switched judges along the way, Judge Hallwell at the beginning and then Judge Forrest for the discovery and ultimately the trial period. The record shows that when issues came up, she took full records from the party. She took submissions from the party. She was . . . She was reversed repeatedly for granting sui spani summary judgment. This record is pockmarked with those types of rulings. What are we to do? What are we to say? I think in the course of a litigation of this size and this complexity and this magnitude,  the district court does have considerable discretion on a lot of the issues that were raised. And we think that she exercised her discretion on those issues in manners that were not unreasonable and in matters that comported with justice and the party's submissions. Thank you. Okay. Unless there are any further questions, I'll cede. Any other rebuttal? I think Judge Parker said what I would say and I'll rest on my papers unless there are any other questions. Thank you. Thank you. We'll reserve decision.